CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Russell Handy, Esq., SBN 195058
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
    San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
    San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada**,<br><br>          Plaintiff,<br><br>     v.<br><br>**South Street Property, LLC,** a California Limited Liability Company; and Does 1-10,<br><br>          Defendants. | Case: 2:17-CV-00259-CAS-JC<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against South Street Property, LLC and Request to Affix Fees** |

---

# TABLE OF CONTENTS

I.     **PROCEDURAL POSTURE** ------------------------------------------------ 1

II.    **CONCISE FACTUAL STATEMENT** ----------------------------------- 1

III.   **ARGUMENT** ------------------------------------------------------------------ 2

      A.    The Americans with Disabilities Act ---------------------------------- 3

           1.    *The Plaintiff is Disabled* ------------------------------------- 4

           2.    *The Defendant's Business is a Public Accommodation* --------------------- 4

           3.    *The Business Presented Physical Barriers* ---------------------------------- 5

           4.    *Summary* -------------------------------------------------------- 5

      B.    The Unruh Civil Rights Act ------------------------------------------- 5

IV.    **THE EITEL FACTORS SUPPORT GRANTING THE MSJ** ----------------- 6

      A.    Possibility of Prejudice to Plaintiff------------------------------------ 7

      B.    The Merits and Sufficiency of the Plaintiff's Claims & Complaint --------- 7

      C.    The Sum of Money at Stake------------------------------------------- 7

      D.    The Possibility of Dispute-------------------------------------------- 7

      E.    The Possibility of Excusable Neglect---------------------------------- 8

      F.    Policy Favoring Decision on the Merits ------------------------------- 8

IV.    **REQUEST TO AFFIX ATTORNEY FEES**----------------------------- 8

V.     **CONCLUSION**----------------------------------------------------------------10

1

**TABLE OF AUTHORITIES**

2

3

**Cases**

4

*Aldabe v. Aldabe,*

5

    616 F.2d 1089 (9th Cir. 1980) ........................................................... 6

6

*Blackwell v. Foley,*

7

8

    724 F. Supp. 2d 1068 (N.D. Cal. 2010) .............................................. 9

9

*Chapman v. Pier 1 Imports (U.S.) Inc.,*

10

    631 F.3d 939 (9th Cir. 2011) ............................................................... 5

11

*City of Riverside v. Rivera,*

12

    477 U.S. 561 (1986) ............................................................................ 9

13

*Eitel v. McCool,*

14

    782 F.2d 1470 (9th Cir.1986) .........................................................6, 8

15

*Geddes v. United Fin.Group,*

16

    559 F.2d 557 (9th Cir.1977) ............................................................... 6

17

*Goodwin v. C.N.J., Inc.,*

18

    436 F.3d 44 (1st Cir. 2006) ................................................................. 8

19

*Helen L. v. DiDario,*

20

    46 F.3d 325 (3rd Cir. 1995) ................................................................ 3

21

*Independent Living Resources v. Oregon Arena Corp.,*

22

    982 F.Supp 698 (D. Org. 1997) .......................................................... 3

23

*PepsiCo, Inc. v. California Sec. Cans,*

24

    238 F. Supp. 2d 1172 (C.D. Cal. 2002).............................................7, 8

25

*Roberts v. Royal Atlantic Corp.,*

26

27

    542 F.3d 363 (2nd Cir. 2008) ............................................................. 3

28

iii

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*

   194 F. Supp. 2d 995 (N.D. Cal. 2001)................................................ 8

*Vogel v. Rite Aid Corp.,*

   992 F.Supp.2d 998 (C.D. Cal. 2014) ................................................ 7

*Wilson v. Haria and Gogri Corp.,*

   479 F.Supp.2d 1127 (E.D. Cal. 2007) .............................................. 5

**Statutes**

42 U.S.C. § 12102(2)(A)...................................................................... 4

42 U.S.C. § 12102(a) .......................................................................... 4

42 U.S.C. § 12181(7)(B)...................................................................... 4

42 U.S.C. § 12182(a) .......................................................................... 4

42 U.S.C. § 12182(b)(2)(A)(iv).......................................................3, 4

42 U.S.C. § 12188 .............................................................................. 5

42 U.S.C. § 12188(a) .......................................................................... 4

42 U.S.C. § 12205 .............................................................................. 8

ADAAG § 7.2(1).................................................................................. 5

Cal. Civ. Code § 51(f) ........................................................................ 5

Cal. Civ. Code § 52(a).....................................................................5, 8

Fed. R.Civ.Proc. 8(b)(6) .................................................................... 6

iv

# I. PROCEDURAL POSTURE

The complaint was filed in federal court on January 11, 2017. The Proof of Service for South Street Property, LLC was filed on February 15, 2017.  The Default of Defendant South Street Property, LLC was taken on March 10, 2017.

# II. CONCISE FACTUAL STATEMENT

Plaintiff is an individual with disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. Exhibit 2 (Dec of Plaintiff), paragraph 2. In December 2016, the plaintiff went to Leyva Recycling ("Leyva Recycling") located at 5674 Cherry Ave., Long Beach, California. *Id.* at paragraph 3.  As the plaintiff approached the business, he could not find any parking spaces marked and reserved for persons with disabilities. The transaction counter at Leyva Recycling was more than 36 inches in height and inaccessible. The intercom at the transaction counter used to talk to the cashier was mounted more than 54 inches above the ground level and was inaccessible. *Id.* at paragraph 4-6. The plaintiff personally encountered these problem. These inaccessible conditions denied him full and equal access and caused him difficulty and frustration.

After making a complaint to the Center for Disability Access, an investigator went and took photographs of the property at 5674 Cherry Ave., Long Beach, California. Exhibit 3 (Dec of Investigator), paragraph 3; Exhibit 4 (Photos).

The plaintiff would like to return to the business but is dissuaded from doing so because of the lack of compliant facilities. As soon as the facilities are made accessible, the plaintiff will be able to patronize the business again without fear of discrimination.

1

**III. ARGUMENT**

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint. In this case, defendant South Street Property, LLC was served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, defendant South Street Property, LLC, is not an infant or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendant South Street Property, LLC was on notice as to what the Plaintiff was seeking as it was served with the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

1. **For injunctive relief**, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
2. **Damages** under the Unruh Civil Rights Act provide for actual damages and a statutory **minimum of $4,000**.
3. **Reasonable attorney fees, litigation expenses and costs of suit**, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

See complaint and prayer. The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

**A.    The American with Disabilities Act**

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who

2

1   owns, leases (or leases to), or operates a place of public accommodation." 42

2   U.S.C. § 12182(a).  The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance.  H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

9   *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D.

10  Org. 1997). The scope of the Act covers not only intentional discrimination,

11  but also the discriminatory effects of "benign neglect, apathy, and

12  indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal

13  quotations omitted).

14       To succeed on his Title III, ADA claim, the plaintiff must, "establish that

15  (1) he is disabled within the meaning of the ADA; (2) that the defendant's

16  own, lease, or operate a place of public accommodation; and (3) that the

17  defendants discriminated against the plaintiff within the meaning of the

18  ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008).

19  Under Title III of the ADA, one form of discrimination is defined as failure to

20  remove architectural barriers unless they are not readily achievable to

21  remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified

22  statement of the elements necessary for the plaintiff to prove discrimination

23  under this section:

24       1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

25       2. Defendant's facility must be a place of "public accommodation" and,

26          therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

27       3. Defendant's facility must have had unlawful architectural barriers. 42

28          U.S.C. § 12182(b)(2)(A)(iv);

4. The Plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the plaintiff's civil rights were violated because defendant South Street Property, LLC failed to provide compliant accessible parking space, transaction counter and intercom at the Leyva Recycling located at or about 5674 Cherry Ave., Long Beach, California. Plaintiff will discuss each element, seriatim.

### 1.   *The Plaintiff is Disabled*

The plaintiff is a person with severe mobility impairments who cannot walk and uses a wheelchair for mobility. There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2.   *The Defendant's Business is a Public Accommodation*

Sales or rental establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(E).

### 3.   *The Business Presented Physical Barriers*

In the present case, the lack of compliant accessible parking space, transaction counter and intercom are barriers to the plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. *Id*. According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

Here, the failure to provide accessible parking spaces is a violation of the ADA.

In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

Here, no such accessible transaction counter or a lowered, 36 inch counter has been provided in violation of the ADA.

Under the ADA, the highest operable part of controls, dispensers, receptacles and other operable equipment must be placed so that it is no higher than 48 inches above the ground if only a forward approach is

provided or 54 inches if a parallel approach is possible. 1991 Standards §§ 4.27.3, 4.25, 4.26; 2010 Standards 205; 308, 309.

The failure to ensure that these height/reach requirements are met is a violation of the law.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal....") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4.   *Summary*

The plaintiff is disabled. The defendant's business has unlawful barriers. The defendants failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring defendant to remove those unlawful barriers. *See* 42 U.S.C. § 12188.

## B.   The Unruh Civil Rights Act

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ.

6

Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for no more than a single statutory minimum penalty assessment of $4,000.00 as specified in California Civil Code § 52, and the actual attorney fees and costs that he has incurred in the amount of $4,840.00. See declaration of Potter filed contemporaneously with this Application.

## IV. THE EITEL FACTORS SUPPORT
## GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d

Plaintiff's Application for Default Judgment          Case: 2:17-CV-00259-CAS-JC

1470, 1471–72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

## A.   Possibility of Prejudice to Plaintiff

The plaintiff, a profoundly disabled person, has alleged that he suffers discrimination due to the defendants' failure to comply with the ADA and Unruh. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale).

## B.   The Merits of the Plaintiff's Claims and Sufficiency of the Claim

These two *Eitel* factors are discussed above under section III of this brief. The plaintiff has sufficiently stated a meritorious claim.

## C.   The Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the plaintiff only seeks a total of $8,840.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D.    The Possibility of Dispute**

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

**E.    The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

**F.    Policy Favoring Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

## IV. REQUEST TO AFFIX ATTORNEY FEES

The plaintiff's rights were violated under Title III of the American with Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees. See 42 U.S.C. § 12205; Cal. Civ. § 52(a).

With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under Title III of the ADA does not allow for damages. *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA."). Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule. Because the sole remedy under this particular cause of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award. In other words, because the plaintiff is entitled to injunctive relief under the ADA—not damages—the amount of a "reasonable" fee cannot be determined by the schedule. "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available. ADA Title III damages are always zero; yet Congress specifically offered statutory attorney fees as incentive to encourage attorneys to handle these important cases." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010).

Second, it would be inappropriate to use the local rule fee schedule to determine a reasonable fee for pursuing these civil rights claims. The fee schedule creates a proportionality rule between damage recovery and attorney fee award. This has been expressly rejected by the Supreme Court for use in civil rights cases. See *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose...."). As one federal court noted, "damages are not considered the primary purpose of California laws protecting physically disabled persons." *Blackwell*, 724 F.Supp.2d at 1077.

---

1   "If fees were limited by the amount of damages, no matter how meritorious
2   the clients' claims might be, attorneys simply would not take these cases.
3   This would be contrary to legislative determinations that statutory attorney
4   fees should encourage attorneys to represent disabled persons." *Id*.

5        In sum, it is simply inappropriate to tie the amount of recoverable
6   attorney's fees to the amount of monetary recovery in these small dollar civil
7   rights cases. The plaintiff requests this Court affix the attorney fees.

8

9   **V. CONCLUSION**

10        The plaintiff respectfully request this Court grant his application for
11   default judgment and issue the proposed judgment.

12

13   Dated: June 28, 2017          CENTER FOR DISABILITY ACCESS

14

15                            By: /s/ Russell Handy
16                            Russell Handy, Esq.
                         Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

11