| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Filed June 28, 2017, dkt. 13)

## I.   INTRODUCTION

On January 12, 2017, plaintiff Jose Estrada filed this suit against defendant South Street Property, LLC, alleging that certain of defendant's facilities violate the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. Dkt. 1 ("Compl."). The gravamen of plaintiff's complaint is that defendant's failure to remove architectural barriers from its property caused plaintiff to suffer discrimination, due to his disability.

On February 15, 2017, plaintiff filed proof that it had personally served defendant's agent for service of process, George Adamian, with, among other documents, the summons and complaint in this action. Dkt. 8. Defendant has not filed an answer or otherwise responded to the complaint, nor has defendant appeared in this action. On March 10, 2017 the Clerk entered a default against defendant. Dkt. 10.

On June 28, 2017, plaintiff filed the instant motion for default judgment against defendant. Dkt. 13 ("Motion"). Plaintiff seeks injunctive relief, compelling defendant to bring its facilities into compliance with the ADA and the Unruh Civil Rights Act, as well as statutory damages under the Unruh Civil Rights Act. Plaintiff also seeks to recover costs and attorneys' fees.

On August 7, 2017, the Court held oral argument on this matter. Counsel for plaintiff was present. Neither defendant, nor its representative was present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

Having carefully considered plaintiff's briefing and evidence, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges the following.

Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. Compl. ¶ 1. Plaintiff drives a van with an electric ramp. Id. Defendant is the owner of a property located at 5674 Cherry Ave., Long Beach, California called Leyva Recycling ("Leyva"). Id. ¶¶ 2, 10; Dkt 13-4, Declaration of Russell Handy ("Handy Decl.") ¶ 3; Dkt. 13-5, Declaration of Jose Estrada ¶ 3.

Leyva is a facility that is open to the public. Id. ¶ 9. In December 2016, plaintiff went to Leyva to turn in recyclables. Compl. ¶ 8. Plaintiff alleges that when he visited Leyva in December 2016, he "personally encountered" the following "barriers," id. ¶ 21:

- none of the parking spaces that Leyva provided for its patrons was "marked and reserved for persons with disabilities," id. ¶¶ 11, 12;

- the only transaction counter at Leyva was more than 36 inches in height, id. ¶ 14; and

- the only "intercom to be used as a speaker to talk to the cashier" was mounted more than 54 inches above ground level, where it could not be used effectively by a person in a wheelchair, id. ¶¶ 19, 20.

The presence of these "condition[s] denied the plaintiff full and equal access and caused him difficulty and frustration." Id. ¶ 22.

Plaintiff would like to return to Leyva but is deterred by the foregoing barriers. Id. ¶ 23. Plaintiff alleges that the barriers to access are "easily removed without much difficulty or expense," id. ¶ 25, and that "the failure to remove these barriers was intentional," id. ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. 03-cv-6387-DT, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Plaintiff alleges that he was denied full and equal access to Leyva, and that he wishes to return to Leyva but has been deterred from doing so due to defendant's alleged noncompliance with the ADA and the Unruh Act. Compl. ¶¶ 22, 24, 26. Given defendant's failure to appear in this matter, plaintiff would be prejudiced if denied a remedy against defendant. Accordingly, the first Eitel factor weighs in favor of the entry of default judgment.

### 2. Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

Plaintiff alleges two claims: violation of the ADA and violation of the Unruh Act. A violation of the rights of a person with a disability under the ADA is a *per se* violation of the Unruh Act. See Cal. Civ.Code § 51(f). Thus, the Court's analysis of the sufficiency of plaintiff's ADA claim applies to the sufficiency of plaintiff's Unruh Act claim as well. Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

### a. Plaintiff is Disabled

Under the ADA, a disability is "[a] physical or mental impairment that substantially limits one or more major life activities . . ." 42 U.S.C. § 12102(1). "Major life activities" as defined by the ADA include standing and walking. 42 U.S.C. § 12102(2). Plaintiff alleges he is paraplegic and uses a wheelchair for mobility. Compl. ¶ 1. Thus, plaintiff has shown that he has a physical impairment that substantially limits the major life activities of standing and walking. Accordingly, plaintiff has established the first element of his ADA claim.

### b. Leyva is a Place of Public Accommodation

The ADA provides a non-exhaustive list of entities that are considered "public accommodations." 42 U.S.C. § 12181(7). Plaintiff alleges that Leyva is "a place of public accommodation." Compl. ¶ 9. Although "recycling center" does not appear among the public accommodations enumerated in the statute, Leyva appears to qualify as an "other service establishment," within the meaning of the ADA. See 42 U.S.C. § 12181(7)(F); see also Levorsen v. Octapharma Plasma, Inc., 828 F.3d 1227, 1233 (10th Cir. 2016) (construing the ADA's use of the term "other service establishment" to include all "establishments that provide a service," in finding that a blood plasma donation center was a public accommodation). Accordingly, plaintiff has established the second element of his ADA claim.

### c. The Barriers at Leyva

Unlawful discrimination occurs under the ADA when features of an accommodation subject an individual on the basis of a disability "to a denial of the opportunity of the individual . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i). With respect to existing facilities, like Leyva, discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). "An 'ADA architectural barriers claim' requires a showing of two additional elements: that '(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable.'" McComb v. Vejar, No. 14-cv-00941-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

RSWL, 2014 WL 5494017 at *6 (C.D. Cal. Oct 28, 2014) (quoting Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014)).

### i. Leyva's Barriers Are Prohibited by the ADA

Whether or not "a particular architectural feature of a place of public accommodation . . . constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises" is determined by reference to the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). Oliver v. Ralph's Grocery Co., 654 F.3d 903, 905 (9th Cir 2011); citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945-46 (9th Cir. 2011) (en banc). "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." Chapman, 631F.3d at 945-46.

First, plaintiff asserts that the lack of accessible parking spaces at Leyva constitutes an architectural barrier. Compl. ¶ 32. Under both the 1991 and 2010 ADAAG standards, any business that provides parking spaces must provide accessible parking spaces in compliance with the ADAAG's specifications. 28 C.F.R. pt. 36, App. D, § 4.1.2(5); 36 C.F.R. pt. 1191, App. C, § 208. Under the 1991 standards, one in every eight accessible spaces, but not less than one, shall be designated "van accessible." 28 C.F.R. pt. 36, App. D, § 4.1.2(5)(b). Under the 2010 standards, at least one in every six accessible parking spaces shall be a van parking space. 36 C.F.R. pt. 1191, App. C, § 208.2.4. Plaintiff alleges that when he visited Leyva in December 2016, Leyva's parking area did not contain *any* parking spaces marked and reserved for persons with disabilities. Compl. ¶¶ 10, 11. Thus, plaintiff has established that Leyva's lack of accessible parking spaces constitutes an architectural barrier under the ADA.

Second, plaintiff asserts that the height of the transaction counter at Leyva constitutes an architectural barrier. Compl. ¶ 34. Under the 1991 standards, all counters "at which goods or services are sold or distributed" must contain a portion that is no higher than 36 inches from ground level. 28 C.F.R. pt. 36, App. D, § 7.2(2). Under the 2010 standards, where counters are so situated as to allow for a parallel approach by a person in a wheel chair, a portion of the counter surface must be no shorter than 36 inches in length and no higher than 36 inches from ground level. 36 C.F.R. pt. 1191, App. D, § 904.4.1. Plaintiff alleges that when he visited Leyva in December 2016, the transaction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

counter "was more than 36 inches in height," and that there was no "36-inch or lower portion of the transaction counter for use by people with disabilities." Compl. ¶¶ 14, 15. Plaintiff also alleges that that the approach to the counter is a "parallel approach." Id. at ¶ 33. Thus, plaintiff has established that the transaction counter at Leyva constitutes an architectural barrier under the ADA.

Third, plaintiff asserts that the intercom speaker mounted over the transaction counter at Leyva constitutes an architectural barrier. Compl. ¶ 36. Under the 1991 standards, where the circumstances allow for parallel approach to an accessible object by a person in a wheel chair, the accessible object must have a maximum height of 54 inches. 28 C.F.R. pt. 36, App. A, § 4.2.6, Fig. 6(b). Under the 2010 standards, where circumstances allow for "a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches." 36 C.F.R. pt. 1191, App. D, § 308.3.1. Plaintiff alleges that Leyva's intercom is mounted higher than 54 inches above ground level. Compl. ¶ 18. Thus, plaintiff has established that the intercom at Leyva also constitutes an architectural barrier under the ADA.

### ii.     Removal Is Readily Achievable

"[C]ourts are generally in agreement that whether barrier removal is 'readily achievable' is an affirmative defense" and may accordingly be waived. Wilson v. Haria & Gogri Corp., 479 F.Supp.2d 1127, 1133 n.7 (E.D.Cal.2007). Because defendant has not appeared in this lawsuit to raise the affirmative defense, the defense is effectively waived. Id. at 1134 ("[D]efendant waived its ability to make this argument when it failed to plead that the barrier removal was not 'readily achievable' as an affirmative defense."). Where, as here, the affirmative defense has not been raised, a plaintiff need "not come forward with any evidence regarding barrier removal." Id. at 1133 n.7.

Although defendant has not appeared to assert any affirmative defenses, plaintiff alleges that the three barriers he encountered could be removed without difficulty or expense. Compl. ¶ 25. Considering the type of barriers at issue here and accepting the foregoing allegation as true, plaintiff has adequately alleged that removal of the architectural barriers at Leyva would be readily achievable. See Vogel, 992 F.Supp2d at 1011 (on a motion for default judgment, the "allegation that removal of the barriers [is] readily achievable is sufficient.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

In light of the foregoing, plaintiff has adequately alleged that he is disabled, that defendant is a private entity operating a place of public accommodation, that he encountered architectural barriers at Leyva which are prohibited by the ADA, and that removal of those architectural barriers is readily achievable. Thus, plaintiff's allegations state a claim for disability discrimination in violation of the ADA. The second and third Eitel factors weigh in favor of an entry of default judgment.

### 3.    Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 14-cv-09421-MMM, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiff seeks a judgment of $ 8,840.00, including attorneys' fees and costs. Motion at 8. This, in addition to any costs that defendant may incur to comply with an injunction, would be the entirety of defendant's liability should the Court grant default judgment. "Although not a form of monetary recovery, [an] injunction will undoubtedly require that [defendant] spend money to remove the barriers." Vogel, 992 F.Supp.2d at 1012. However, "the ADA limits this liability to removal of barriers that is readily achievable, and in this way caps a defendant's liability." Id. The Court finds that the sum of money at issue is reasonably proportionate to the harm caused by defendant's actions. Accordingly, the fourth Eitel factor weighs in favor of the entry of default judgment.

### 4.    Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. As explained above, plaintiff has adequately pleaded his claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

violation of the ADA. Defendant has failed to appear. Thus, the Court accepts the allegations in the complaint as true. Because plaintiff's factual allegations are presumed true, no factual disputes exist that would preclude the entry of default judgment. Accordingly, the fifth <u>Eitel</u> factor weighs in favor of the entry of default judgment.

### 5. Possibility of Excusable Neglect

The sixth <u>Eitel</u> factor considers whether defendant's default may have been the product of excusable neglect. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471-72. The possibility of excusable neglect here is remote. Defendant's agent for service of process was personally served with the complaint on February 10, 2017. Dkt. 8. Defendant has not appeared in this suit, and there is no indication that its failure to do so is the product of excusable neglect. Accordingly, the sixth <u>Eitel</u> factor weighs in favor of the entry of default judgment.

### 6. Policy in Favor of Decisions on the Merits

Under the seventh <u>Eitel</u> factor, the Court takes into account the strong policy favoring decisions on the merits. <u>See</u> <u>Eitel</u>, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible"). Of course, however, pursuant to Federal Rule of Civil Procedure 55(b), "this preference, standing alone, is not dispositive." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendants fail to appear and defend. Defendant has failed to appear in this case to respond to plaintiff's complaint. <u>See id.</u> ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Thus, the seventh <u>Eitel</u> factor does not preclude the entry of default judgment against defendant.

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the <u>Eitel</u> factors weigh in favor of default judgment, including the merits of plaintiff's claim for violation of the ADA. Therefore, weighing all of the <u>Eitel</u> factors, this Court finds that entry of the default judgment against defendant is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

### B. Assessment of Plaintiff's Prayer for Relief

Plaintiff seeks injunctive relief compelling defendants to comply with the ADA and the Unruh Act. Motion at 8. Plaintiff also seeks $4,000 in statutory damages under the Unruh Act, as well as to recover $4,840 in attorneys' fees and costs. Id.

#### 1. Monetary Award

Under the Unruh Act, a defendant found in violation of the ADA is ordinarily liable for statutory damages of, at least, "four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a). Accordingly, plaintiff is entitled to statutory damages in the amount of $4,000.

With regard to attorneys' fees, Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. Plaintiff argues that "it is inappropriate to use the default fee schedule" in ADA cases, because "a cause of action under Title III . . . does not allow for damages," and because lawyers will lack incentive to take on ADA cases if the fee schedule is used. Motion at 10. At oral argument, counsel reasserted that the Court should award counsel all reasonable attorneys' fees without regard to the local rules. After hearing argument, the Court ordered plaintiff's counsel to file a supplemental declaration describing how long counsel worked on specific tasks. Counsel was ordered to file a supplement no later than August 10, 2017. See dkt. 14. In its order for a supplemental declaration, the Court stated, "[i]f counsel fails to timely file a supplemental declaration, fees will be calculated using Local Rule 55-3." Id. Plaintiff's counsel failed to file a supplemental declaration.

In light of counsel's failure to timely file a supplemental declaration, the Court will base its fee award upon the local fee schedule. Given plaintiff's counsel's familiarity with the legal issues presented by this case, it cannot be said that the legal issues here are novel or unduly complex. Local Rule 55-3 provides that for judgments between $1,000.01 and $10,000.00, attorneys' fees shall equal $300.00 plus 10% of the amount awarded over $1,000.00. The Court awarded plaintiff $4,000.00 in statutory damages. Accordingly, the Court awards plaintiff $600 in attorneys' fees ($300 + (($4,000 - $1,000) x .10) = $600).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 | |
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | | |

As the prevailing party, plaintiff is also entitled to costs. Fed. R. Civ. P. 54(d)(1); CD. Cal. L.R. 54-2. Handy avers that plaintiff has incurred $420.00 in costs. Handy Decl. ¶ 5. Accordingly, the Court awards an additional $420.00 in costs.

### 2. Injunctive Relief

Both the ADA and the Unruh Act expressly permit injunctive relief. Cal. Civ. Code § 52.1(h); 42 U.S.C. § 12188(a)(2). Where an ADA claim is predicated upon a violation of the ADA's accessibility provisions, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). "A plaintiff is not required to satisfy the other prerequisites generally needed for injunctive relief since '[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.'" Vogel, 992 F. Supp. 2d at 1015 (quoting Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175–76 (9th Cir.2010)).

As discussed above, plaintiff has adequately alleged architectural barriers that violate the ADAAG. Plaintiff has further submitted evidence of the architectural barriers at issue. Specifically, plaintiff has submitted photographs of the Leyva parking lot, counter, and intercom speaker that are consistent with plaintiff's allegations. See Dkt. 13-6, Declaration of Evens Louis ¶ 3 (authenticating the photographs); Dkt. 13-7 (the photographs). Accordingly, injunctive relief is appropriate and defendant must remove the barriers identified in plaintiff's complaint.

Defendant is hereby ordered to provide accessible parking that complies with ADA accessibility guidelines, provide a service counter that is at least 36 inches wide and 36 inches high while complying with all other ADA accessibility guidelines, and provide an intercom at a height which complies with ADA accessibility guidelines.

/ /

/ /

/ /

/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'    JS-6

| Case No. | 2:17-CV-00259-CAS(JCx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | JOSE ESTRADA V. SOUTH STREET PROPERTY, LLC | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. The Court awards plaintiff $4,000 in statutory damages, $600 in attorneys' fees, and $420 in costs.

South Street Property LLC is hereby ordered to bring Leyva into compliance with the accessibility guidelines of the ADA. South Street Property LLC is ordered to provide (1) accessible parking in accordance with all applicable federal accessibility regulations; (2) a transaction counter that is at least 36 inches wide, no higher than 36 inches, and in compliance with all other applicable federal accessibility regulations; and (3) a communications intercom at a lower height that complies with all applicable federal accessibility regulations at 5674 Cherry Ave., Long Beach, California.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |